### AARON F. BROWN *vs.* JOHN P. LAKEMAN & others.

Where two magistrates meet at the time and place appointed for the examination of a debtor committed on execution, and adjourn to a future day, and only one of them is able to attend again on that day, another magistrate may attend instead of him who is absent, and the two who are thus present may lawfully proceed to examine the debtor and administer to him the poor debtors' oath.

DEBT on a bond for the liberty of the jail limits.

The following facts were agreed by the parties : The defendant, Lakeman, on the 10th of August 1841, was committed to the jail in Ipswich, upon an execution that issued on a judgment recovered against him by the plaintiff, and afterwards gave bond, with the other defendants as his sureties, in the form and with the condition prescribed by the Rev. Sts. *c.* 97, § 63 ; but he did not surrender himself to the jailer, at the expiration of 90 days, to be held in close confinement.

A citation was duly issued, served on the plaintiff, and returned, informing him that said Lakeman was ' desirous to take the benefit of the law for the relief of poor debtors,' and that the 18th of October 1841, at 10 o'clock, A. M., at the dwelling-house of the jailer in Ipswich, were the time and place appointed for the examination of said Lakeman. On that day, two justices of the peace, and each of the quorum, met at said jailer's house, and made the following order : " It is ordered that this court be adjourned to Thursday, the 28th of October instant, nine of the clock before noon, then to be held at this place." (Signed by both of said justices.)

On the 27th of said October, one of the said justices wrote a letter to said Lakeman, informing him that it would be necessary for him to obtain another magistrate to act in his case on the next day, as he (said justice) must be out of town on business. On the next day, one of said justices, who attended on the 18th of said October, and another justice of the peace and of the quorum, who then attended for the first time, examined said Lakeman, administered to him the poor debtors' oath, and made a certificate thereof to said jailer, under their hands, in the form prescribed by the Rev. Sts. *c.* 98, § 10.

*O. P. Lord*, for the plaintiff. Lakeman was not ' lawfully discharged,' within the condition of the bond, and the defendants are therefore liable. The *St.* of 1787, *c.* 29, contained no provision for an adjournment of the examination of a poor debtor. The justices were first authorized to adjourn, by *St.* 1817, *c.* 186 ; but not more than twice, nor more than 24 hours at onc time. By Rev. Sts. *c.* 98, § 5, such examination may be adjourned to any convenient time. But there is no provision for the coming in of new magistrates at the adjournment. The provincial *St.* 3 Geo. III. (Anc. Chart. 649,) provided that a citation to the creditor should be made by two justices, quorum unus, and that " such justices, or in case of their non-attendance, then any other two justices, quorum unus," might administer the oath to the debtor. No analogous provision has existed since that statute was revised by *St.* 1787, *c.* 29.

The adjournment in question was an adjournment of the meeting of the same justices ; and two new justices might have administered the oath, in the absence of the two first, with the same legal authority as this oath was administered. The two first justices must have passed upon divers preliminary questions, before they organized as a court and adjourned, viz. whether the time, prescribed by statute, for proceeding to the examination, had arrived, &c.

The statute provisions, as to the discharge of debtors committed on execution, are to be strictly adhered to. *Woods* v. *Varnum*, 21 Pick. 165. *Farley* v. *Randall*, 22 Pick. 146. *Trull* v. *Wheeler*, 19 Pick. 240. *Whitehead* v. *Varnum*, 14 Pick. 523. The case of *Fisher* v. *Shattuck*, 17 Pick. 252, is also a strong authority for the plaintiff.

*N. J. Lord*, for the defendants. The only case, cited in behalf of the plaintiff, which bears at all upon the present, is *Fisher* v. *Shattuck*. But that case proceeded on the ground, that the statute, which authorized the issuing of the warrant, required that the party should be brought before the magistrate who issued it. There is no similar statute provision applicable to the case at bar.

A debtor, committed on execution, selects the magistrates

who are to examine him ; and this he may do at any time before the hour appointed for the examination.   The names of the magistrates are not, and need not be, notified to the creditor. *Dunham* v. *Burlingame*, 2 Met. 271.   He therefore has no right to insist that the same justices, who attend at first, shall also attend at an adjourned meeting.

Shaw, C. J.   The court are of opinion that the discharge of Lakeman was good.   The examination was rightfully com menced before two justices, both of the quorum, and was regularly adjourned, pursuant to their powers.   On the day to which the proceedings stood adjourned, one of those who acted on the first occasion attended ; but the other being necessarily ab sent, his place was supplied by another justice of the quorum, selected by the debtor.   By the Rev. Sts. *c.* 98, § 4, the authority to take the examination and give a certificate of dis charge to the debtor is vested in two justices, each to be of the quorum, disinterested, and not related to either party.   The selection is to be made by the debtor, because no other mode is directed by law, and no other party has any interest to do it ; and this selection may be made before or on the return day of the notice.   If an adjournment takes place, before the examination, and at the adjournment one of the magistrates is prevented, by necessary absence, from attending, we are of opinion that it is within the spirit, and not contrary to any provision of the statute, for the debtor to elect another magistrate otherwise qualified, to take his place ; the one who remains having the custody of the records and proceedings of the first meeting. The creditor acquires no right to have the jurisdiction confined to the two justices, before whom the proceedings commenced ; because it is very clear, that it would be in the power of the debtor to waive the first notice, issue a new notice, and on its return to select two new magistrates, or one of the former and one new one.   What would be the case, should both magistrates, after adjournment, be necessarily absent ; whether the minutes, files and records of the former proceedings, could or could not be produced ; we give no opinion.

*Judgment for the defendants.*